RECORD NO. 10-14366

In The

# United States Court of Appeals

### For The Eleventh Circuit

## IZELL REESE and RAVEN REESE

*Plaintiffs – Appellants*,

v.

## ELLIS, PAINTER, RATTERREE, & ADAMS, LLP

*Defendant – Appellee*.

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA AT ATLANTA

_____

### BRIEF OF APPELLANTS

_____

John R. Ates
ATES LAW FIRM, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
(703) 647-7501

David C. Ates
DAVID ATES, P.C.
Suite 112
6400 Powers Ferry Road
Atlanta, Georgia 30339
(404) 969-4104

*Counsel for Appellants*

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Izell Reese

Raven Reese

Ellis, Painter, Ratterree & Adams, LLP

David C. Ates

David Ates, P.C.

John R. Ates

Ates Law Firm, P.C.

Christine Mast

Hawkins, Parnell, Thackston & Young, LLP

Honorable William C. O'Kelley

## STATEMENT REGARDING ORAL ARGUMENT

Izell and Raven Reese (hereinafter, "the Reeses") respectfully request that the Court hear oral argument in this case because it involves important, unresolved questions in this circuit regarding what constitutes a "debt collector" and a communication "in connection the collection of any debt" under Section 807 of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e.  Published decisions by the Third, Fourth and Fifth Circuits have made clear that a "debt collector" who falls within 15 U.S.C. § 1692f(6) as an enforcer of a security interest may also fall within the general definition of "debt collection" within 15 U.S.C. § 1692a(6) and be subject to all other provisions of the FDCPA beyond those specified in 15 U.S.C. § 1692f(6).

Likewise, many courts are split on whether enforcement of a security interest and the collection of debt are fundamentally different activities, such that a foreclosure activity does not constitute "debt collection" within the meaning of § 1692e of the FDCPA.  This Court has not decided that issue in any published opinion, but several sister circuits have held that such foreclosure activity does constitute "debt collection activity," regardless of whether the security interest is pursued *in rem* or *in personam.*

Finally, even if there is a distinction between an enforcer of a security interest under 15 U.S.C. § 1692f(6) and general debt collection, this case involves

the important issue of whether an entity that engages in a broader scope of activity than simply seeking on security may subject itself to other provisions  of the FDCPA.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ........................................................i

STATEMENT REGARDING ORAL ARGUMENT ............................................. ii

TABLE OF CONTENTS..........................................................................................iv

TABLE OF AUTHORITIES .................................................................................. vii

JURISDICTIONAL STATEMENT .........................................................................1

STATEMENT OF ISSUES PRESENTED................................................................1

STATEMENT OF THE CASE..................................................................................4

      1.      Course of Proceedings and Disposition Below ..........................4

      2.      Statement of Facts........................................................................5

      3.      Standard of Review......................................................................8

SUMMARY OF ARGUMENT .................................................................................9

ARGUMENT .........................................................................................................10

I.  The EPRA Law Firm Is a "Debt Collector" Under the General Definition, and Therefore Qualifies As a "Debt Collector" For All Purposes Under the FDCPA, Even When Enforcing Security Interests.**......**11

    A. The FDCPA's Language and Structure Confirm That An Entity That Satisfies § 1692a(6)'s General Definition of a "Debt Collector" Is a "Debt Collector" for the Purposes of the Entire FDCPA. ...............................................................................................12

1. The FDCPA Specifies That an Entity May Qualify as a "Debt Collector" Under Both the General Provision of "Debt Collector" in the First Sentence of § 1692(a)(6), as well as the Third Sentence of § 1692(a)(6) Governing § 1692f(6)........................13

2. The Complaint Alleges The EPRA Law Firm Is a "Debt Collector" For Purposes of § 1692(a)(6) and § 1692e........................17

B. Enforcing a Security Interest on Real Property (Whether *In Rem* or *In Personam*) Constitutes Debt Collection Activity. ...............................18

1. The District Court Misplaced Reliance on This Court's Non-Binding, Unpublished Decision in *Warren v. Countrywide Home Loans, Inc.* ................................................................................19

2. Adopting the District Court's Reading of *Warren* Would Conflict with *In re Martinez* and Run Afoul of the Prior Panel Precedent Rule......................................................................................20

3. Adopting the District Court's Reading of *Warren* Would Conflict with the Explicit Statutory Provisions of the FDCPA ..........21

4. Adopting the District Court's Reading of *Warren* Would Create a Circuit Conflict...................................................................................23

5.  The FTC Interprets the Act as Allowing an Enforcer of Security Interests To Be Covered Under More Than One Section of the Act Depending on Their Activity at Issue............................................24

II. The District Court Erred By Holding That The Dunning Packet At Issue Was Not Debt Collection Activity. ......................................25

CONCLUSION ......................................................................27

CERTIFICATE OF COMPLIANCE .......................................28

CERTIFICATE OF SERVICE .................................................29

# TABLE OF AUTHORITIES

## CASES

*Belanger v. Salvation Army,*

556 F.3d 1153 (11th Cir. 2009) ..................................................................8, 9

*Browning v. Clinton,*

292 F.3d 235 (D.C. Cir. 2002).......................................................................8

*Cargill v. Turpin,*

120 F.3d 1366 (11th Cir. 1997) ...................................................................21

*Gburek v. Litton Loan Servicing, LP,*

614 F.3d 380 (7th Cir. 2010) .......................................................................26

*Griffin Indus. v. Irvin,*

496 F.3d 1189 (11th Cir. 2007) .....................................................................5

*Hardt v. Reliance Standard Life Ins. Co.,*

___ U.S. ___, 130 S.Ct. 2149 (2010) ...........................................................22

*Holy Land Found. for Relief & Dev. v. Ashcroft,*

333 F.3d 156 (D.C. Cir. 2003).......................................................................8

*In re Martinez,*

311 F.3d 1272 (11th Cir. 2002) ...............................................................20, 21

*Jordan v. Kent Recovery Servs., Inc.,*

731 F. Supp. 652 (D. Del. 1990) .............................................................16, 27

*Kaltenbach v. Richards*,

    464 F.3d 524 (5th Cir. 2006) ............................................................14, 15, 18

*Macharia v. United States*,

    334 F.3d 61 (D.C. Cir. 2003)..........................................................................8

*Piper v. Portnoff Law Assocs.*,

    396 F.3d 227 (3d Cir. 2005) ......................................................10, 16, 17, 23

*Romea v. Heiberger & Assocs.*,

    163 F.3d 111 (2d Cir. 1998) ........................................................................23

*Shapiro & Meinhold v. Zartman*,

    823 P.2d 120 (Colo. 1992)...........................................................................23

*TRW Inc. v. Andrews*,

    534 U.S. 19 (2001).......................................................................................22

*Vega v. McKay*,

    351 F.3d 1334 (11th Cir. 2003) .......................................................15, 20, 25

*Warren v. Countrywide Home Loans, Inc.*,

    342 Fed. Appx. 458 (11th Cir. 2009) ...............................................19, 20, 21

*Wilson v. Draper & Goldberg, P.L.L.C.*,

    443 F.3d 373 (4th Cir. 2006) .......................................................15, 16, 17, 23

## FEDERAL STATUTES

Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601 note, 1692 et seq.:

15 U.S.C. § 1692(a) ....................................................................................10

15 U.S.C. § 1692a(4) ................................................................................14

15 U.S.C. § 1692a(5) ................................................................................22

15 U.S.C. § 1692a(6) ...........................................................................*passim*

15 U.S.C. § 1692c .....................................................................................12

15 U.S.C. § 1692d .....................................................................................12

15 U.S.C. § 1692e ...............................................................................*passim*

15 U.S.C. § 1692f ......................................................................................12

15 U.S.C. § 1692f(6)............................................................................*passim*

15 U.S.C. § 1692g.........................................................................12, 19, 20

15 U.S.C. § 1692g(a) ................................................................................20

15 U.S.C. § 1692g(d) ................................................................................20

15 U.S.C. § 1692i .....................................................................................12

15 U.S.C. § 1692i(a)(1) ........................................................................15, 22

15 U.S.C. § 1692j .....................................................................................12

15 U.S.C. § 1692k(a) ................................................................................13

15 U.S.C. § 1692k(d)...................................................................................1

Protecting Tenants at Foreclosure Act, 12 U.S.C.A. § 5220 note (2010) ................3

28 U.S.C. § 1331 ................................................................................1

28 U.S.C. § 1337 ................................................................................1

28 U.S.C. § 1291 ................................................................................1

28 U.S.C. § 1294(1) ...........................................................................1

## STATE STATUTES

O.C.G.A. § 44-14-162 .......................................................................25

O.C.G.A. § 44-14-162.2 ....................................................................25

## FEDERAL RULES

Fed. R. Civ. P. 10(c) ..........................................................................5

Fed. R. Civ. P. 12(b)(6) ..........................................................2, 4, 5, 8

## OTHER AUTHORITIES

FTC Staff Opinion Letter (October 8, 1992)

    (available at: www.ftc.gov/os/statutes/fdcpa/letters.vovak.htm) ..................24

*Statements of General Policy or Interpretation Staff Commentary*

*on the Fair Debt Collection Practices Act*, 53 Fed. Reg. 50097 (1988)

(December 13, 1988)..........................................................................15

## JURISDICTIONAL STATEMENT

This case arises under the federal Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §§ 1601 note, 1692-1692p. The United States District Court for the Northern District of Georgia, Atlanta Division (district court), possessed jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337. On September 2, 2010, the district court entered an Order granting Defendant-Appellee's motion to dismiss, and judgment was entered that date. [DCt. Doc. 23-24.] The Reeses filed a Notice of Appeal on September 15, 2010. [DCt. Doc. 25.] This Court possesses jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294(1).

## STATEMENT OF ISSUES PRESENTED

On behalf of themselves and hundreds of other consumers across the State of Georgia, the Reeses filed a putative class action lawsuit against the law firm of Ellis, Painter, Ratterree, & Adams, LLP (the "EPRA Law Firm") for violating the FDCPA for sending dunning packages that contained false, deceptive or misleading representations relating to mortgage loans that were in default. *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."). The communication at issue stated, among other things, that: 1) "Lender hereby demands full and immediate payment of all amounts due and owing"; 2) "unless your loan is satisfied in accordance with this demand," then a foreclosure sale will

1

be conducted; and 3) and "it will be necessary [for the debtor] to vacate the real property, if you have not already done so, by the foreclosure date <u>and also turn over the keys to the [firm].  This would apply to any person who may be occupying the real property as your tenant under some form of lease or rental agreement</u>." Dct. Doc. 1-1 at 2-3 (emphasis added).  The dunning packet also contained an enclosure entitled "**NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT**," which specified that "**THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT**."  *Id.* at 6 (bolded, capitalized emphasis in original).

The district court granted the EPRA Law Firm's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The district court found the EPRA Law Firm was not "debt collector" within the meaning of 15 U.S.C.§ 1692e and held that the firm was not engaged in debt collection activity within the meaning of § 1692e by sending the dunning letter and enclosures.  [*See* DCt. Doc. 23 at 2-3, 5-8.]  The district court reviewed a letter signed by a named partner of the EPRA Law Firm and, based on the district court's own interpretation of the letter at the motion to dismiss stage, determined that the EPRA Law Firm did not explicitly ask that any payments due on the defaulted mortgages be paid directly to the EPRA Law Firm. In effect, the district court sided with those district courts that found enforcing a

2

security interest in real property does not constitute debt collection activity under the FDCPA, except only under §1692f(6).

In so ruling, the district court did not address the language of the package the EPRA Law Firm sent to the Reeses stating that "**THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT**" and did not address the Reese's argument that Georgia foreclosure law did <u>not</u> require (i) the "demand[ for] full and immediate payment," (ii) notice that foreclosure would begin "unless [the] loan is satisfied in accordance with this demand" or (iii) the turning over of the property keys as set forth in the dunning packet.  Because the district court found that the firm was not engaged in debt collection activity, it did not rule on the EPRA Law Firm's patent violation of the federal Protecting Tenants at Foreclosure Act, which requires that a new owner through foreclosure assume the interest in the real property subject to a bona fide lease agreement and allows a bona fide tenant to remain in the property after foreclosure (i.e., the tenant or property owner does not have to turn in the keys as stated in the dunning package).  *See* 12 U.S.C.A. § 5220 note (2010).

In these circumstances, the following questions are presented:

1.    Whether a party who is a "debt collector" under the general definition of 15 U.S.C. § 1692a(6), qualifies as a "debt collector" for all purposes under the

FDCPA, even when enforcing security interest as a "debt collector" pursuant to 15 U.S.C. § 1692f(6).

2.      Whether a non-creditor law firm that sends a communication to a defaulting mortgagor that demands payment, asserts that foreclosure will take place absent such payment and demands that certain actions be taken in violation of law constitutes a communication "in connection with the collection of any debt" within the meaning of 15 U.S.C. § 1692e.

## STATEMENT OF THE CASE

### 1. Course of Proceedings and Disposition Below.

Appellants filed a class action complaint contending that the EPRA Law Firm's statements in the dunning packet were false, deceptive, or misleading in violation of Section 807 the FDCPA, 15 U.S.C. § 1692e.  [DCt. Doc. 1.]  The EPRA Law Firm did not answer, but instead moved to dismiss.  [DCt. Doc. 5.]

The magistrate judge recommended the case be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim as a matter of law, finding that "[the EPRA Law Firm] did not engage in debt collection activity subject to the FDCPA, other than § 1692f(6)."  [DCt. Doc. 20, p.10.]  The Reeses filed timely objections, to which the EPRA Law Firm responded.  [*See* DCt. Doc. 21, 22.]

As discussed above, the district court adopted the magistrate judge's report and recommendation and dismissed the case, DCt. Doc. 23, and the clerk entered judgment dismissing the action.  DCt. Doc. 24.

This timely appeal followed.  [DCt. Doc. 25.]

### 2.  Statement of Facts.

Under Rule 12(b)(6), this Court accepts well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153 (11th Cir. 2009).  Accordingly, unless otherwise cited, the below facts are taken from the complaint and its attached exhibit, which is part of the pleadings "for all purposes, including a Rule 12(b)(6) motion."  *See* Fed. R. Civ. P. 10(c); *Griffin Indus. v. Irvin*, 496 F.3d 1189 (11th Cir. 2007).

Appellants Izell Reese and Raven Reese received a mortgage loan for the property at 4037 Thessa Cove, Roswell, Georgia from Provident Funding Associates, L.P. ("Provident").  *See* DCt. Doc. 1 at ¶10.  Defendant-Appellee EPRA Law Firm has offices in Savanna, Georgia, and that acts as a debt collector engaged in the business of collecting debts owed to others incurred for personal, family or household purposes.  *Id.* at ¶5-6.  The Reeses contend the firm falls within the general definition of "debt collector" as set forth in 15 U.S.C. § 1692a(6). *See id.* at ¶7.

5

The EPRA Law Firm's website reveals that one of its primary practice areas is "Creditor Rights": "The firm maintains a practice section solely devoted to the representation of various banks and financial institutions in bankruptcy, foreclosure and loss mitigation matters. The creditor rights section extends statewide and includes not only legal representation but advice and assistance with federal regulations and agency guidelines and policies." http://www.epra-law.com/creditor-rights.htm (last visited 11/8/10). According to the website, approximately 20% of the attorneys of the EPRA Law Firm (3 of 16 attorneys) are within the "creditor rights" practice group. *Compare* http://www.epra-law.com/attorneys.htm (noting 14 lawyers and 2 "of counsel" positions) *with* http://www.epra-law.com/creditor-rights.htm (listing three attorneys as within the Credit Rights practice section) (both pages last visited 11/8/10).

Appellants fell behind on their mortgage payments, and David W. Adams, a named partner at the EPRA Law Firm who is listed as the lead counsel for the firm's specialized practice group devoted to Creditor Rights, *see* http://www.epra-law.com/creditor-rights.htm (last visited 11/8/10), sent the Reeses a packet of information, which they received on June 4, 2009. *See id.* at ¶10. This packet (referred to as a "dunning notice") contained a letter stating in relevant part:

> This firm represents Provident Funding Associates, L.P., (hereinafter "Lender"), the current holder of the above-referenced Note (hereinafter "Note") and Security Deed (hereinafter "Security Deed") describing certain real property

6

known as 4037 Thessa Cove, Roswell, Georgia (hereinafter "Real Property") and being more fully described in the Notice of Sale enclosed herewith.

This letter is to advise you that your Note has been and is declared to be in default for non-payment and Lender hereby demands full and immediate payment of all amounts due and owing thereunder.

This letter is also to advise you that Lender intends to enforce the provisions of the Note and Security Deed relative to payment of attorney's fees. In accordance with Georgia law, you are hereby notified that unless you pay all amounts due and owing under the Note and Security Deed within ten (10) days of the date you receive this letter, reasonable attorney's fees will be added to the total amount for which collection is sought.

Unless your loan is satisfied in accordance with this demand, the foreclosure sale of the above-referenced real property will be conducted on the **first Tuesday in July, 2009**, to wit, **July 7, 2009** at the Cobb County Courthouse during the legal hours of sale. A copy of the Notice of Sale submitted to the publisher is enclosed.

If you desire to discuss your loan or your alternatives to foreclosure, the name, address and telephone number of the individual or entity who has authority to negotiate, amend and modify all terms of the Note and Security Deed is **Provident Funding Associates, L.P., 1235 N. Dutton Avenue, Suite E, Santa Rosa, CA 95401 at (800) 696-8199 option 4**.

Please be advised that after the foreclosure sale, the new owner of the real property will be entitled to immediate possession of the real property. Consequently, it will be necessary for you to vacate the real property, if you have not already done so, by the foreclosure date and also turn the keys over to the undersigned at 2 East Bryan Street, 10th floor, Savannah, Georgia. This would also apply to any person who may be occupying the real property as your tenant under some form of lease or rental agreement.

DCt. Doc. 1, Exhibit A. The bottom of the letter contained a notice that "this law firm may be attempting to collect a debt on behalf of the above-referenced lender. Any information obtained will be used for that purpose." *Id.* The packet later clarified that the EPRA Law Firm was, in fact, attempting to collect a debt:

**NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT
15 SC 1601 ET SEQ, AS AMENDED**

\*　　\*　　\*

**THIS LAW FIRM IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED BY US WILL BE USED FOR THAT PURPOSE**

DCt. Doc. 1, Ex. A, p. 6 (bolded, capital emphasis in original; underline emphasis added).

### 3.  Standard of Review.

This Court reviews *de novo* a district court's grant of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), accepting the allegations in the complaint – including mixed questions of law and fact – as true and construing them in the light most favorable to the plaintiff. *Belanger v. Salvation Army*, 556 F.3d 1153, 1155 (11th Cir. 2009); *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).

8

The interpretation of a statute is a purely legal matter and therefore subject to *de novo* review.  *Belanger*, 556 F.3d at 1155.

## SUMMARY OF THE ARGUMENT

1.     The EPRA Law Firm meets the general definition of a "debt collector" under § 1692a(6).  The Reeses plead that the EPRA Law Firm regularly collects or attempts to collect debts owed or due another.  That the EPRA Law Firm may also meet the definition of "debt collector" under the third sentence of 1692a(6) (relating to any person engages in interstate commerce and whose principle purpose of the business is the enforcement of security interests) does not mean that it gets a free pass under all other sections of the statute.

2.     The packet at issue constitutes debt collection activity.  A mortgage constitutes a "debt" under the FDCPA.  The dunning packet here sought payment of the debt.  The Fourth and Seventh Circuit have so held in similar circumstances.

3.     Even if attempting to collect on a secured debt is a separate form of debt collection, it is not always mutually exclusive from general debt collection. That is, debt collection on a secured debt also can constitute general debt collection when the attempt to collect goes beyond the requirements to obtain the security underlying the debt and also asks for collection of past amounts due under the terms of the note.  Here, the EPRA Law Firm went beyond Georgia's legal requirements to foreclose on the property.  The EPRA Law Firm engaged in

general debt collection.  Otherwise, the exception swallows the rule, and the debt collector is entitled to use any means by which to collect the debt.

4.    The district court erred by concluding that the packet by the EPRA Law Firm did not violate the Fair Debt Collection Practices Act.

This case should be remanded for further proceedings.

## ARGUMENT

Determining that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," Congress passed the FDCPA to eliminate those practices. 15 U.S.C. § 1692(a).  The FDCPA protects (1) consumers (2) who have been subjected to abusive, deceptive or unfair debt collection practices (3) by a debt collector (4) in an attempt to collect a debt. *See Piper v. Portnoff*, 396 F.3d 227, 232 (3d Cir. 2005) (citing 15 U.S.C. §§ 1692e-f).

The decision below focused on the last two prongs, ultimately holding that the EPRA Law Firm was not a "debt collector" and that the dunning packet at issue was not an engaged in collecting a debt within the meaning of § 1692e.  *See* DCt. Doc. 23, at 2, 8.  The district court created an artificial distinction between debt collection and security interest enforcement and viewed the firm's conduct as regulated only through § 1692f(6), the non-judicial security interest enforcement provision of the FDCPA, to the exclusion of § 1692e.  *See* DCt. Doc. 23, at 2, 8.

10

## I. The EPRA Law Firm Is a "Debt Collector" Under the General Definition, and Therefore Qualifies As a "Debt Collector" For All Purposes Under the FDCPA, Even When Enforcing Security Interests.

The decision below could be read as concluding that the EPRA Law Firm was not a "debt collector" within the meaning of the FDCPA.  *See* DCt. Doc. 2 ("The R&R recommends that this action be dismissed because plaintiffs have failed to show that defendant is a "debt collector" or that defendant engaged in debt collection activity within the meaning of the FDCPA. The court finds that the magistrate judge correctly concluded that defendant, an enforcer of a security interest, did not engage in debt collection activity subject to the FDCPA, other than 15 U.S.C. § 1692f(6), which is not at issue in this case.").  To the extent the district court below held that the EPRA Law Firm is not a "debt collector" within the meaning of the FDCPA, its decision constitutes error as a matter of law, both as a misinterpretation of the FDCPA and a misreading of the complaint.  (The district court also erred in holding that the EPRA Law Firm was not engaged in "debt collection activity," as discussed below, *see* Section II, below.)

The magistrate judge and the district court appear to view § 1692e and § 1692f(6) as mutually exclusive provisions, such that an entity that is engaged as a "debt collector" under § 1692f(6) by enforcing a security interest on a secured property is necessarily excluded as falling within the general "debt collector"

11

definition and cannot be engaged in "debt collection activity" under other provisions of the FDCPA. This reading conflicts with the clear language of the statute, every circuit to have considered the issue, and the FTC's interpretation of the Act.

## A. The FDCPA's Language and Structure Confirm That An Entity That Satisfies § 1692a(6)'s General Definition of a "Debt Collector" Is a "Debt Collector" for the Purposes of the Entire FDCPA.

The FDCPA regulates a variety of conduct "in connection with the collection of any debt," including with respect to communications with the consumer or third parties (*see* § 1692c); conduct that harasses, oppresses or abuses "any person" (*see* § 1692d); false or misleading representations (*see* § 1692e); validation of debts (*see* § 1692g); bringing of legal actions on a "debt," including enforcing a security interest on real property as an example of such "debt" (*see* § 1692i); and furnishing deceptive forms (*see* § 1692j). As noted, the Congressional mandate or prohibition regulating such conduct by a "debt collector" within each of these provisions is broadly defined as "in connection with the collection of any debt." The FDCPA also regulates specific debt collection practices: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Because this "unfair practices" provision

governs direct debt collection activity, it does not have the "in connection with" language used in the other provisions.

The Act broadly provides civil liability for "any debt collector who fails to comply with any provision of this title with respect to *any person* . . . ." 15 U.S.C. § 1692k(a) (emphasis added).

>1.  **The FDCPA Specifies That an Entity May Qualify as a "Debt Collector" Under Both the General Provision of "Debt Collector" in the First Sentence of § 1692(a)(6), as well as the Third Sentence of § 1692(a)(6) Governing § 1692f(6).**

Under the FDCPA, a "debt collector" is defined as:

>any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . For the purpose of section 1692f(6) of this title,[1] such term also includes any person who uses any instrumentality of interstate commerce or

---

[1]  Section 1692f(6) provides that the following conduct is a violation of the "unfair practices" provision of § 1692f:

>(6) Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—

>>(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest;

>>(B) there is no present intention to take possession of the property; or

>>(C) the property is exempt by law from such dispossession or disablement.

15 U.S.C. § 1692f(6).

the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).[2]

The Fifth Circuit has ruled that "the plain language of [§ 1692a(6) of] the statute [means] that a person whose business has the principal purpose of enforcing security interests <u>but who does not otherwise satisfy the definition of a debt collector</u> is subject only to § 1692f(6)." *Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006) (emphasis added). But that an entity qualifies as a "debt collector" for purposes of § 1692f(6) solely by enforcing a security interest does not decide the issue of whether that entity is subject to other provisions of the FDCPA if it also satisfies the general definition of a debt collector. *Id.* In answering that question, the Fifth Circuit ruled that § 1692e and §1692f(6) are not mutually exclusive provisions, as the district court below implied. *Id.* The Fifth Circuit relied on an interpretation of the FDCPA by the FTC, the administrative agency responsible for enforcement of the statute, which provides:

> Because the FDCPA's definition of "debt collection" includes parties whose principal business is enforcing security interests only for section 808(6) [§ 1692f(6)] purposes, such parties (<u>if they do not otherwise fall within the definition</u>) are subject only to this provision and not to the rest of the FDCPA.

---

[2]    A creditor itself is excluded from the definition of "debt collector," except in two general situations: (1) it uses a name which suggests that a third-party debt collector is involved in the collection process (the false name exception), *see* § 1692a(6), or (2) it obtains the debt after default solely for the purpose of facilitating collection of such debt for another, *see* 15 U.S.C. §1692a(4).

*Id.*, 464 F.3d at 527-28 (quoting *Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act*, 53 Fed.Reg. 50097 (1988) (December 13, 1988)) (emphasis added by Fifth Circuit).   Granting deference to the FTC's interpretation,[3] the Fifth Circuit made clear "that the entire FDCPA can apply to a party whose principal business is enforcing security interests but who nevertheless fits § 1692a(6)'s general definition of a debt collector." *Id.* at 528.   The *Kaltenbach* court also reasoned that unless a "debt collector" who meets § 1692f(6) also is subject to other provisions of the FDCPA if it meets the general "debt collector" definition, then § 1692i(a)(1) becomes superfluous.   *Id.* The Fifth Circuit ultimately held that "<u>a party who satisfies § 1692a(6)'s general definition of a 'debt collector' is a debt collector for the purposes of the entire FDCPA even when enforcing security interests</u>." *Id.* at 529.

In *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006), the Fourth Circuit rejected the argument (apparently accepted by the court below in this case) that § 1692f(6) and the third sentence of § 1692a(6) operate as an exclusion from the general definition of "debt collector" under § 1692a(6). Specifically, the Fourth Circuit found that § 1692f(6):

---

[3]   The Fifth Circuit granted *Chevron* deference, finding this interpretation reasonable.   This Court grants "serious consideration" to the FTC's interpretation of the FDCPA.   *See Vega v. McKay*, 351 F.3d 1334, 1337 (11th Cir. 2003). Regardless, the FTC position is entitled to deference as a well-reasoned position of the enforcement agency.

applies to those whose *only* role in the debt collection process is the enforcement of a security interest. *See Jordan v. Kent Recovery Servs., Inc.*, 731 F. Supp. 652, 657 (D. Del. 1990)("It thus appears that Congress intended an enforcer of a security interest, such as a repossession agency, to fall outside the ambit of the FDCPA except for the provisions of § 1692f(6)."). <u>In other words, this provision is not an exception to the definition of debt collector, it is an inclusion to the term debt collector. It serves to include as debt collectors, for the purposes of § 1692f(6), those who only enforce security interests. It does not exclude those who enforce security interests but who also fall under the general definition of "debt collector</u>.

*Id.* (emphasis added). Like *Kaltenbach*, the Fourth Circuit ultimately concluded that "<u>if Defendants meet the statutory definition of 'debt collector,' they can be covered by all sections of the Act, not just § 1692f(6), regardless of whether they also enforce security interests</u>." *Id.* (emphasis added).

The Third Circuit also has found that § 1692e and § 1692f(6) are not mutually exclusive. *See Piper v. Portnoff Law Assocs.*, 396 F.3d 227, 236 (3d Cir. 2005). The Third Circuit specifically considered the argument under review here—that § 1692a(6), by making all persons in the business of enforcing security interests debt collectors for the purposes of § 1692f(6), reflects a Congressional intent that such debt collectors be immune from all other provisions of the Act even if they would otherwise come within the general definition of "debt collector"—and found the argument without merit. *Id.* *Piper* reasoned that the specific definition of "debt collector" within § 1692a(6) regarding § 1692f(6), which follows the general definition of "debt collector" is "cast in terms of

*inclusion*," not within an exception to the general definition. *Id.* (emphasis in original).

In sum, "if [the EPRA Law Firm] meet[s] the statutory definition of 'debt collector,' [it] can be covered by all sections of the Act, not just § 1692f(6), regardless of whether [it] also enforce[s] security interests." *Wilson*, 443 F.3d at 378. The EPRA Law Firm cannot seriously dispute (certainly not at this stage of the proceedings on a motion to dismiss) that it is not a "debt collector."

2. **The Complaint Alleges The EPRA Law Firm Is a "Debt Collector" For Purposes of § 1692(a)(6) and § 1692e.**

There is no doubt that the complaint alleges that the EPRA Law Firm falls within the general definition of "debt collector" as set forth in 15 U.S.C. § 1692a(6) and that the firm was a "debt collector" for purposes of § 1692e. *See* DCt. Doc. 1 at ¶7, ¶¶25-27. These allegations are confirmed by the EPRA Law Firm's website, which demonstrates that one of its primary practice areas (comprising approximately 20% of its attorneys) is "Creditor Rights" that is "solely devoted to the representation of various banks and financial institutions in bankruptcy, foreclosure and loss mitigation matters." http://www.epra-law.com/creditor-rights.htm (last visited 11/8/10). The EPRA Law Firm clearly is an entity that "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another" within the meaning of the

general definition of § 1692a(6).  The district court erred to the extent it concluded otherwise.

As a "party who satisfies § 1692a(6)'s general definition of a 'debt collector,'" the EPRA Law Firm "is a debt collector for the purposes of the entire FDCPA even when enforcing security interests."  *See Kaltenbach*, 464 F.3d at 529. The district court erred to the extent it held that the firm was not a debt collector for purposes of 15 U.S.C. § 1692e.

B. **Enforcing a Security Interest on Real Property (Whether *In Rem* or *In Personam*) Constitutes Debt Collection Activity.**

The district court's second fundamental error was its determination that a non-judicial foreclosure on a home mortgage is not a "debt collection" under the FDCPA.  *See* DCt. Doc. 3.  In so ruling, the district court misplaced reliance on an unpublished decision of this Court, misinterpreted the FDCPA in a manner that nullifies certain of its provisions, and, if adopted, would create a circuit conflict and undermine enforcement of the FDCPA.

The Court should reject the district court's warped reading of the statute.

1. **The District Court Misplaced Reliance on This Court's Non-Binding, Unpublished Decision in *Warren v. Countrywide Home Loans*, Inc.**

In concluding that the packet at issue did not constitute a communication "in connection with the collection of any debt," the district court read too broadly this

18

Court's unpublished opinion in *Warren v. Countrywide Home Loans, Inc.*, 342 Fed. Appx. 458 (11th Cir. 2009).  The actual holding of *Warren* was that a "foreclosure sale" of a home is not debt collection for purposes of §1692g.  *See id.* at 461 ("In short, since foreclosing on a home is not debt collection for purposes of § 1692g, Warren did not, and could not, state a claim under that provision based on Countrywide's foreclosure sale of his home.").  *Warren* specifically involved only a claim that a security holder violated the FDCPA "by failing to respond to [the debtor's] request for verification of his debt before [the lender] proceeded with a foreclosure sale of his home."  *Id.* at 460.  The Court reasoned that "enforcement of a security interest *through the foreclosure process* is not debt collection for purposes of the Act."  *Id.* (emphasis added).

The *Warren* court did not address the present case — whether a non-creditor law firm (not the security holder itself) that demands payment on a mortgage prior to a foreclosure action falls within the ambit of the FDCPA as a "debt collector" "in connection with the collection of any debt" under § 1692e.  There was no mention whatsoever in *Warren* of any demand for payment prior to (or during) the foreclosure process.  The Court simply did not decide the present issue in that unpublished, non-binding case.

19

## 2. Adopting the District Court's Reading of *Warren* Would Conflict with *In re Martinez* and Run Afoul of the Prior Panel Precedent Rule.

Even if *Warren* could bear the weight the district court placed on it—that activity related to foreclosure on a home mortgage is not "debt collection activity" under the FDCPA—the unpublished, non-binding *Warren* decision should not be followed. The *Warren* decision not only conflicts with the clear language of the statute (as shown below), but also a prior, binding decision by another panel of this Court. *See In re Martinez*, 311 F.3d 1272 (11th Cir. 2002) (adopting the district court opinion reported at 271 B.R. 696 (S.D. Fla. 2001)), which held that § 1692g was applicable to the service of a mortgage foreclosure package including a summons, complaint and related items called for by Florida mortgage foreclosure law).[4]

In effect, the Court in *Martinez* recognized that a law firm engaged in mortgage foreclosure proceedings was subject § 1692g, which is triggered by communications "in connection with the collection of any debt." That is, an enforcer of a security interest is subject to other provisions of the FDCPA beyond

---

[4] This Court subsequently held that a legal pleading does not constitute an "initial communication" within the meaning of § 1692g(a). *See Vega*, 351 F.3d at 1336-37 (11th Cir. 2003). The 2006 amendments to the FDCPA provide that a "communication in the form of a formal pleading in a civil action shall not be treated as an initial communication" under subsection (a) of § 1692g. *See* § 1692g(d) (added by the Financial Services Regulatory Relief Act of 2006, Pub. L. No.109-351, § 802(a), 120 Stat. 1966, 2006 (2006)).

§ 1692f(6) it if satisfies the general definition of a debt collector, even though it was merely enforcing a security interest.

*Warren* cannot be read as overturning *Martinez.  See Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) (holding this Court is "emphatic" that "prior panel precedent rule" means only the Supreme Court or this Court sitting *en banc* can judicially overrule a prior panel decision).

The district court erred in effectively concluding otherwise.

### 3.  **Adopting the District Court's Reading of *Warren* Would Conflict with the Explicit Statutory Provisions of the FDCPA.**

The primary argument to distinguish between debt collection and security interest enforcement (which the district court found persuasive here) is that foreclosure under a security instrument in property is not the enforcement of an obligation to pay money or a "debt" in that the debtor-possessor of the property can simply turn over possession, absent waste.  DCt. Doc. 23 at 7.

That argument conflicts with the language of the Act.  The rationale advanced for holding that non-judicial foreclosure activity is not "collecting a debt" is that it merely seeks possession of the property, and any deficiency on the underlying debt may only be collected via obtaining a judgment.  Yet, Congress broadly defined "debt" within the FDCPA as including "any obligation . . . of a consumer to pay money arising out of a transaction in which . . . property . . . which [is] the subject of the transaction [is] primarily for personal, family, or

21

household purposes, <u>whether or not such obligation has been reduced to judgment</u>." 15 U.S.C. § 1692a(5) (emphasis added).

The district court and the decisions it relies on would render this language meaningless. It is a cardinal principle of statutory construction that a statute ought to be construed as a whole in a manner such that no clause, sentence, or word shall be superfluous, void, or insignificant. *See TRW Inc. v. Andrews*, 534 U.S. 19, 21 (2001). The district court's holding should be rejected.

Moreover, that a security interest in property constitutes a "debt" is further supported by § 1692i(a)(1). That provision requires any "debt collector" to bring any "legal action on a debt against any consumer" "to enforce an interest in real property securing the consumer's obligation" within a judicial district where the property is located. *Id.* Holding that an action to enforce a security interest in real property is not collecting on a "debt" conflicts with this specific provision that defines "a legal action <u>*on a debt*</u>" as <u>including</u> acts to enforce a security interest in real property. Such a reading smacks of "inventing a statute rather than interpreting one." *See Hardt v. Reliance Standard Life Ins. Co.,* ___ U.S. ___, 130 S.Ct. 2149 (2010) (brackets omitted).

4. **Adopting the District Court's Reading of *Warren* Would Create a Circuit Conflict.**

Sister circuits have rejected those district court decisions (cited by the court below in this case) which attempt to create an artificial distinction between enforcement of a security interest and collection of a debt. The Fourth Circuit in *Wilson* aptly summarized the state of the circuits to have spoken to the issue:

> [The mortgage] "debt" remained a "debt" even after foreclosure proceedings commenced. *See Piper v. Portnoff Law Assocs.*, 396 F.3d 227, 234 (3d Cir. 2005) ("The fact that the [Pennsylvania Municipal Claims and Tax Liens Act] provided a lien to secure the Pipers' debt does not change its character as a debt or turn PLA's communications to the Pipers into something other than an effort to collect that debt."). Furthermore, Defendants' actions surrounding the foreclosure proceeding were attempts to collect that debt. *See Romea v. Heiberger & Assocs.*, 163 F.3d 111, 116 (2d Cir. 1998) (concluding that an eviction notice required by statute could also be an attempt to collect a debt); *Shapiro & Meinhold v. Zartman*, 823 P.2d 120, 124 (Colo. 1992) ("[A] foreclosure is a method of collecting a debt by acquiring and selling secured property to satisfy a debt.").

> Defendants' argument, if accepted, would create an enormous loophole in the Act immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt. We see no reason to make an exception to the Act when the debt collector uses foreclosure instead of other methods. *See Piper*, 396 F.3d at 236 ("We agree with the District Court that if a collector were able to avoid liability under the [Act] simply by choosing to proceed *in rem* rather than *in personam*, it would undermine the purpose of the [Act].") (internal quotation marks omitted).

*Ibid.*, at 376.

**5. The FTC Interprets the Act As Allowing An Enforcer of Security Interests To Be Covered Under More Than One Section of the Act Depending On Their Activity At Issue.**

In addition to the cases cited above, the Federal Trade Commission also views dunning packets similar to the one at issue herein to be an attempt to collect a debt, even if it involves a security interest.  In a staff opinion letter (available at: www.ftc.gov/os/statutes/fdcpa/letters/novak.htm (last visited 11/8/10) and also enclosed in the record at DCt. Doc. 21, Ex. A), the staff responded to an inquiry regarding non-judicial foreclosures in Texas.  The FTC viewed actions only that are statutorily mandated as prerequisites to enforce a security instrument as not covered by the FDCPA.  *See id.* at Fact Situation No. 1, Question 4, Answer: "However, a letter sent to a debtor making demand for payment and asserting that certain actions will be taken absent payment, when such actions are not required by statute, is a traditional dunning letter which would be subject to the Act and trigger the notice and validation requirements of Section 809."). Fact Situation No. 2, Question 5, Answer: "if a collector attorney acting on the creditor's behalf sends a letter to the debtor demanding payment, and such letter is not required by state statute, the attorney is engaging in debt collection activities and is subject to the Act because a demand letter is a communication in connection with the collection of a debt and triggers the notice and validation requirements required by Section 809.").

24

The FTC's position makes sense because the district court's contrary interpretation renders other provisions of the Act a nullity, as discussed above. This reasonable, persuasive interpretation by the agency charged by Congress with enforcement of the FDCPA is entitled to deference under *Vega*.

## II. The District Court Erred By Holding That The Dunning Packet At Issue Was Not Debt Collection Activity.

Even if foreclosing against a security interest is not debt collection activity for purposes of 1692e, the firm's actions in this case removed it from the provisions of 1692f(6). That is, the complaint and facts show that the firm was attempting to collect a debt and not simply enforcing a security interest when it sent the dunning packet. When a foreclosing law firm sends a dunning notice demanding payment of the debt (and, indeed, demanding "full and immediate payment of all amounts due and owing" under the loan thereunder; threatening that "unless you pay all amounts due and owing under the Note and Security Deed within ten (10) days of the date you receive this letter, reasonable attorney's fees will be added to the total amount for which collection is sought; providing that "[u]nless your loan is satisfied in accordance with this demand, the foreclosure sale of the []real property will be conducted" and demanding, in violation of law, to have tenants "turn the keys over" to the property to the law firm – none of which is required under Georgia' foreclosure statute, O.C.G.A. §§ 44-14-162, 44-14-162.2),

it is not the property that is demanded; it is the payment of the debt and such action constitute debt collection activity.  *See Gburek v. Litton Loan Servicing, LP*, 614 F.3d 380, 385 (7th Cir. 2010).

The district court's reasoning that the law firm did not engage in debt collection because it did not specifically demand payment for itself again invents matters that are not contained in the statute.  A communication merely needs to be "in connection with the collection of any debt" under § 1692e.  The offending communication does not have to demand payment.  *See Gburek*, 614 F.3d at 385. The district court's conclusion that the law firm did not engage in debt collection must be reversed as an extra-judicial addition to a statute Congress passed.

The decision below also files in the face of the record.   The dunning packet explicitly stated that it "THE LAW FIRM IS ATTEMPTING TO COLLECT A DEBT." DCt. Doc. 1, Ex. A.

## CONCLUSION

The district court committed numerous errors in reaching the result it did. The decision should be reversed, the judgment vacated and this case remanded with an instruction for the case to proceed through discovery.

Respectfully Submitted,

_____

DAVID C. ATES
State Bar No. 026281
DAVID ATES, P.C.
6400 Powers Ferry Road, Suite 112
Atlanta, Georgia 30339
(404)969-4104 (Telephone)
(404)969-4140 (Facsimile)


 /s/ John R. Ates_____
John R. Ates, Esq., VSB 71697
ATES LAW FIRM, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
(703) 647-7501 (Telephone)
(703) 229-6430 (Facsimile)
*Counsel for Appellants*
*Izell Reese and Raven Reese*

27

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 28.2(m) of the Rules of the United States Court of Appeals for the Eleventh Circuit, counsel for Appellant hereby certifies that according to the WordPerfect 8.0 word processing software used to prepare the Brief, which contains 6,313 words and therefore conforms to the type-volume limitation set forth in Rule 32(a)(7)(B) and (C).

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing parties with a copy of the within and foregoing **Brief of Appellants** by United States Mail, Postage prepaid, addressed as follows:


Christine L. Mast
Hawkins Parnell
      Thackston & Young LLP
4000 SunTrust Plaza
303 Peachtree Street NE
Atlanta, Georgia 30308

This 8th day of November, 2010.


_____
DAVID C. ATES
State Bar No. 026281

DAVID ATES, P.C.
6400 Powers Ferry Road, Suite 112
Atlanta, Georgia 30339